IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **WILLIAM SCOTT GARRISON, #814619** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24cv806 |
| | § | |
| **DIRECTOR, TDCJ-CID** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Petitioner William Scott Garrison filed a handwritten petition for writ of habeas corpus. (Dkt. #1). The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Although styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the court construed Petitioner's petition for writ of habeas corpus as one seeking relief under 28 U.S.C. § 2254. (Dkt. #6). The court advised Petitioner, however, that to the extent the present petition is challenging Grayson County conviction, Cause No. 060031, the petition is successive as Petitioner has filed previous federal habeas corpus petitions challenging the same conviction. (Dkt. #6).

On November 25, 2024, the court ordered Petitioner, within thirty days from receipt of the Order, to either: (1) notify the court he does not wish to have his petition construed as a § 2254 petition and to withdraw the petition; or (2) complete the § 2254 form fully and legibly and submit it to the court, along with documentation from the Fifth Circuit showing he has permission to file this new successive petition, should he wish to proceed with a § 2254 petition. (Dkt. #6). The court also ordered Petitioner—if he wished to proceed with a § 2254 petition—to pay the $5.00 filing fee or to submit an application to proceed *in forma pauperis*, together with an *in forma pauperis*

1

data sheet reflecting Petitioner's last six months of financial activity from his trust inmate account, within thirty days from receipt of the Order. (Dkt. #6). As of this date, Petitioner has failed to comply with the court's Order (Dkt. #6). He has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Petitioner has failed to comply with the court's Order (Dkt. #6); therefore, the case should be dismissed for failure to prosecute.

## RECOMMENDATION

It is recommended the petition for writ of habeas corpus be dismissed without prejudice. Fed. R. Civ. Proc. 41(b).

Within fourteen days after service of the magistrate judge's report, any party may serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of January, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE